IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAVIER DE LA CRUZ,** | : | CIVIL ACTION NO. 1:12-CV-0921 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN MARY SABOL**, *et al.*, | : | |
| Respondents | : | |

### ORDER

AND NOW, this 9th day of July, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), in which petitioner, a native and citizen of the Dominican Republic admitted to the United States as a lawful permanent resident on April 25, 1995, (Doc. 1, at ¶ 8), presently detained by Bureau of Immigration and Customs Enforcement ("ICE"), challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides that the Attorney General shall take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense," and it appearing that petitioner was taken into custody by ICE on September 8, 2010, pursuant to charges that he was removable under Section 237(a)(2)(A)(iii) (related to conviction of an aggravated felony) and Section 237(a)(2)(B)(i)(relating to a controlled substance) of the INA due to a June 10, 2010, conviction for Possession with Intent to Deliver a Control

Substance in violation of 35 PA.CONS.STAT. 780-113(a)(30), (Doc. 1, at ¶ 16), and it further appearing that at the time he was taken into ICE custody, he was serving a sentence of eighteen months probation, and it appearing that petitioner argues that he is not subject to mandatory detention because he was not taken into ICE custody when released from criminal custody as he was never in criminal custody for the June 10, 2010 conviction (Doc. 1, at ¶ 25), and it further appearing that respondents argue that his mandatory detention pursuant to 8 U.S.C. § 1226(c) is authorized and that "[s]ection 1226(c)'s "when the alien is released" clause does not require ICE to immediately detain an alien after he is released from jail, even when he has not been incarcerated post-conviction, and is detained while serving a probation sentence, see Matter of Kotliar, 24 I. & N. Dec. 124, 125-126 (BIA 2007)" (Doc. 6, at 5-6, n. 7), and after consideration of all arguments raised, as well as the House Conference Report wherein "the legislature stated that mandatory detention was meant to apply 'whenever such alien is released from imprisonment, regardless of the circumstances of release' " (House Conf. Rpt. No. 104-828 at 210-11 (Sept. 24, 1996)), quoted in Saysana v. Gillen, 590 F.3d 7, 16 (1st Cir. 2009), this Court agrees with petitioner's position and concludes that because petitioner was not released from imprisonment at the time he was taken into immigration custody, but, rather, was actively serving a sentence of probation, § 1226(c) does not apply and he is entitled to an individualized bond hearing[1], it is hereby ORDERED that:

---

[1] The United States Court of Appeals for the Third Circuit has not yet addressed this issue. However, in arriving at this conclusion, this Court joins the

1. The petition for writ of habeas corpus is GRANTED.

2. Respondents shall provide to petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2) with an Immigration Judge forthwith and, in any event, no later than July 13, 2012.

3. Respondents shall file a notification with the Court that petitioner has received an appropriate individualized bond determination on or before July 13, 2012.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

vast majority of federal courts that have addressed the issue and have found that the mandatory detention provision was intended only to apply to non citizens who are detained *at the time of their release* from criminal custody for an enumerated offense under 8 U.S.C. § 1226(c). See Ortiz v. Holder, No. 1:11CV1146 DAK, 2012 WL 893154, at *3, n. 4 (D. Utah March 14, 2012) (collecting cases) (emphasis in original).